# United States Court of Appeals
# for the Fifth Circuit

No. 22-40248
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Enrique E. Quintana,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CR-25-1

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Enrique E. Quintana, federal prisoner # 15321-035, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Quintana argues that the district court should have treated his reply to the Government's response to his motion for compassionate release as a motion for reconsideration. However, the reply did not ask the district court to reconsider a question decided in the case in order to effect an alteration of the rights adjudicated, and thus he has not demonstrated any error in the district court's failure to treat it as such. *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992).

Quintana also challenges the district court's independent determination that his sentence was sufficient under the 18 U.S.C. § 3553(a) factors. He concedes that his offense was serious, but he contends that the § 3553(a) factors weigh in his favor in light of his acceptance of responsibility for his actions prior to sentencing, his post-sentence rehabilitation, and the disparity between his sentence and the sentences of similar defendants. However, his arguments amount to no more than a disagreement with the district court's balancing of the relevant factors, which is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694. Because the district court did not abuse its discretion in independently weighing the § 3553(a) factors, we need not consider Quintana's additional arguments that there are extraordinary and compelling reasons for his compassionate release due to his risk of contracting COVID-19 and his ailing aunt's need for his care, that the district court erred in applying the nonbinding policy statement of U.S.S.G. § 1B1.13 and in determining that he failed to meet the policy statement's criteria, and that the length of his imprisonment and the COVID-19 lockdown conditions violate the Eighth Amendment. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

AFFIRMED.